IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORNELL HESTER, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 12-001-LPS |
| PERRY PHELPS, et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's motion for injunctive relief (D.I. 71), requests for counsel (D.I. 76, 87), motion for an extension of time (D.I. 84), and motion to withdraw notice of appeal (D.I. 90).

### I. BACKGROUND

Plaintiff Cornell Hester ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 2) Plaintiff is incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware, appears *pro se*, and has been granted leave to proceed *in forma pauperis*. (D.I. 9)

### II. INJUNCTIVE RELIEF

Plaintiff filed a motion for placement back to full minimum status (D.I. 71), which is construed by the court as a motion for injunctive relief.

#### A. Legal Standards

"A preliminary injunction is an extraordinary remedy that should be granted only if:

1

(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

### B. Discussion

It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level, security classification, or place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209 (2005); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Moreover, the placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225.

Having considered the facts and the law, the Court finds that Plaintiff has not demonstrated that injunctive relief is appropriate. Therefore, the Court will deny the motion. (D.I. 71).

### III. REQUEST FOR COUNSEL

Plaintiff seeks counsel on the grounds that he does not have the ability to present his own case, he is unskilled in the law and the issues are complex, the case may turn on credibility issues, expert witnesses will be necessary, he cannot afford counsel, counsel would serve the best

interests of justice, he needs assistance with discovery, and his allegations, if proven, would establish a constitutional violation. (D.I. 76, 87) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing Plaintiff's request, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate Plaintiff's ability to articulate his claims and represent himself. Finally, should the

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

need for counsel arise, the issue may be addressed at that time. Thus, in these circumstances, the Court will deny without prejudice to renew Plaintiff's request for counsel. (D.I. 76, 87)

## IV. MISCELLANEOUS MOTIONS

The Court will deny as moot Plaintiff's motion for an extension of time (D.I. 84) to comply with the July 29, 2013 order regarding service of unserved parties. To date, all defendants have been served. The court will deny as moot Plaintiff's motion for withdrawal of appeal (D.I. 90), the appeal having been dismissed by the United States Court of Appeals for the Third Circuit on October 16, 2013.

## V. CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The motion for injunctive relief (D.I. 71) is DENIED.

2. The requests for counsel (D.I. 76, 87) are DENIED without prejudice to renew.

3. The motion an extension of time (D.I. 84) is DENIED as moot.

4. The motion to withdraw notice of appeal (D.I. 90) is DENIED as moot.

Dated: November 13, 2013

UNITED STATES DISTRICT JUDGE