IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORNELL HESTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-001-LPS |
| | : | |
| PERRY PHELPS, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Pending before the Court are Plaintiff's request for counsel (D.I. 110) and letter/motion for injunctive relief (D.I. 115). For the reasons given below, the Court will deny the motions.

**I.     BACKGROUND**

Plaintiff Cornell Hester ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 2) Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, appears *pro se*, and has been granted leave to proceed *in forma pauperis*. (D.I. 9) The motion for injunctive relief alleges retaliation and seeks a transfer to a different correctional facility.

**II.    REQUEST FOR COUNSEL**

Plaintiff requests counsel on the grounds that: (1) he is not a resident of the State of Delaware; (2) he is indigent; (3) he has no knowledge or experience in the State of Delaware's statutes or laws; (4) he does not have legal training or the skill to litigate his case; (5) without an

1

attorney he will be prejudiced and he will not receive a fair trial; and (6) counsel will aid in the discovery process. (D.I. 110)

Although a plaintiff does not have a constitutional or statutory right to an attorney,[1] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron*, 6 F.3d at 154. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

After reviewing Plaintiff's request, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, the filings in this case demonstrate Plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the Court will deny the request for counsel without prejudice to renew. (D.I. 110)

---

[1]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (stating § 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (stating there is no right to counsel in a civil suit).

### III. <u>INJUNCTIVE RELIEF</u>

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff claims retaliation resulted in his reclassification to maximum level security status and transfer to maximum security. He is currently housed at the VCC. Plaintiff seeks a transfer to any other correctional institution.

Defendant Perry Phelps ("Phelps"), the former warden at the VCC, responds that injunctive relief is not appropriate because Plaintiff cannot show a reasonable likelihood of success on the merits or that he will face irreparable harm. Phelps refers to Plaintiff's record of disciplinary violations that were considered in reclassifying and transferring Plaintiff. Exhibits attached to Phelps' response support his position. Plaintiff received numerous write-ups in 2011 and was found guilty each time. In addition, in May 2013, Plaintiff attempted to correspond with the victim of his crimes despite the fact that his sentencing order barred him from contacting them. His actions resulted in his transfer to the Security Housing Unit ("SHU").

Proof of a retaliation claim requires Plaintiff demonstrate that: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected

activity was a substantial motivating factor in the state actor's decision to take adverse action. *See Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a factfinder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001). When analyzing a retaliation claim, courts consider that the task of prison administrators and staff is difficult, and that the decisions of prison officials require deference, particularly where prison security is concerned.

Plaintiff has not shown he is likely to meet any of the elements of a retaliation claim. *See id.* Nor has Plaintiff demonstrated the elements necessary to grant injunctive relief. Notably, he has not demonstrated the likelihood of success on the merits and, there is no indication that, at the present time, Plaintiff is in danger of suffering irreparable harm. Finally, Plaintiff seeks a transfer to a different correctional facility, but the Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *See Walls v. Taylor*, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 251 (1983).

## IV. CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiff's request for counsel (D.I. 11) is DENIED without prejudice to renew.

2. Plaintiff's motion for injunctive relief (D.I. 115) is DENIED.

Dated: March 17, 2014

UNITED STATES DISTRICT JUDGE